**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KHASAN MUKHTOZHOV, | : | |
| Petitioner, | : | No. 26-cv-5325-JMY |
| | : | |
| vs. | : | |
| | : | |
| JAMAL L. JAMISON, Warden of | : | |
| Philadelphia Federal Detention Center*, et al.* | : | |
| Respondents. | : | |

**ORDER**

**AND NOW**, this 31st day of July 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1), and the Government's Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. 4), it is hereby **ORDERED** that the Petition is **GRANTED** as follows.

1.  Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2.  The Government shall **RELEASE** Petitioner from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **5:00 p.m. ET on Monday, August 3, 2026**;

3.  If the Government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, where an Immigration Judge shall determine whether detention is warranted pending the resolution of his removal proceedings;

4.  If the Government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C. § 1226(a), the Government cannot remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania before the ordered bond hearing. If the Immigration Judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances arise that require him to be removed.  Any such request must include an

explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Petitioner; and

5.    The Clerk of Court shall mark this case closed.[1]

**IT IS SO ORDERED**.

**BY THE COURT:**

*/s/ John Milton Younge*
**Judge John Milton Younge**

---

[1]  Petitioner, Khasan Mukhtozhov, is from Tajikistan, and he alleges that he entered the United States in January 2023.  (Petition for Writ of Habeas Corpus ¶¶ 1, 18, ECF No. 1.) Petitioner avers that shortly after he entered the United States, he was detained by agents working for the Department of Homeland Security (DHS) and placed in removal proceedings. (*Id.* ¶ 19.)  Thereafter, he was granted parole and went on to live with his brother in the United States.  (*Id.*)

Petitioner has filed an application for asylum which is currently pending and under consideration.  (*Id.* ¶ 20.)  Petitioner alleges that he complied with all conditions placed upon him in connection with his parole and immigration removal proceedings.  (*Id.*)  He avers that he attended all of the hearings scheduled in his immigration removal proceedings, and that he checked in with Immigration and Customs Enforcement at each scheduled appointment.  (*Id.*) Petitioner's next scheduled immigration hearing is for September 7, 2027, in the Philadelphia Immigration Court.  (*Id.* ¶ 20.)

Agents working with DHS scheduled Petitioner for a check in at the Philadelphia field office which took place on or about July 28, 2026.  (*Id.* ¶ 21.)  During the July 28, 2026 appointment, agents took Petitioner into custody with no prior notice or opportunity to contest his detention.  (*Id.*)  DHS is purportedly holding Petitioner under its revised interpretation of the immigration detention statues – specifically, its interpretation that all noncitizens who have not been "admitted," 8 U.S.C. § 1101(a)(13)(A), are subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  (*Id.* ¶ 23.)  Petitioner is now currently in the physical custody of Respondents. (Response in Opposition; ECF No. 4.)

The gravamen of Petitioner's claim is that he is not subject to mandatory detention without the opportunity for a bail hearing under 8 U.S.C. § 1225(b) because that provision applies only to non-citizens who are "seeking admission" to the United States, rather than to non-citizens who have already been present in the country for a number of years.  Petitioner alleges that prior to being detained, he had lived in the United States for almost three and a half years. (*Id.* ¶¶ 18-19.)  The Government candidly acknowledges that the substantial weight of district court authority rejects its argument to the contrary.  (Response in Opposition page 2 (referencing the more than 250 decisions in this district that have rejected the Government's position).)

The Court finds no reason to reiterate our colleagues' thorough and reasoned analyses on this issue. *See e.g.*, *Demirel v. Federal Detention Center Philadelphia*, 2025 WL 3218243, * 4

(E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Del Cid v. Bondi*, No. 25-cv-304, 2025 WL 2985150, *16 n.7 (W.D. Pa. October 23, 2025); *JAM. V. Streeval*, No. 25-cv-342, 2025 WL 3050094, *3 (M.D. Pa. November 1, 2025); *Cantu-Cortes v. O'Neill, et al.*, No. 25-cv-6338, 2025 WL 3171639, at *1-2 (E.D. Pa. Nov. 13, 2025). The Petition is reviewable, and Petitioner is not subject to 8 U.S.C. § 1225(b)(2), thus making his detention without the opportunity for a bail hearing unlawful. The out-of-circuit appeals decisions adopting the Government's position are unpersuasive to this Court. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026).